THOMAS J. GESFORD, plaintiff in error, v. PETER D. CRITZER et al., defendants in error.

*Error to Scott.*

Whether a plaintiff has sufficient ability to pay the costs of a suit commenced by him, is a matter which must necessarily be submitted to the discretion of the Court in which the cause is pending, and its decision cannot be assigned for error.

The statute requiring a plaintiff to give security for costs is not unconstitutional.

TRESPASS in the Scott Circuit Court, brought by the plaintiff in error against the defendants in error. At the October term 1845, the Hon. Samuel D. Lockwood presiding, the defendants moved for and obtained a rule upon the plaintiff to give security for the costs. The rule not being complied with, the suit was dismissed.

The case was submitted to the Court on written argument.

Gesford *v.* Critzer *et al.*

*M. McConnell,* for the plaintiff in error.

The law requiring security for costs is contrary to the twelfth section of the eighth Article of the Constitution.

The Court erred in requiring security from the plaintiff, it appearing that he had sufficient property to pay the costs.

*J. J. Hardin & D. A. Smith,* for the defendants in error.

This Court has recognized the validity of the statute requiring security for costs. 1 Scam. 192.

It has been acquiesced in for years, and it is too late to urge now that it is unconstitutional.

Every Court in the Union, so far as is known, has recognized the propriety of this requirement of statute. 1 U. S. Dig. 611, title *"Security for Costs."*

The Opinion of the Court was delivered by

PURPLE J. The plaintiff brought an action of *trespass* against the defendants in the Circuit Court of Scott county. At the October term 1845, the defendants filed an affidavit in the usual form, that the plaintiff was insolvent and unable to pay the costs of suit, and thereupon a rule was entered against the plaintiff to show cause why he should not give security for costs. The plaintiff filed his affidavit, stating therein that he was not insolvent; that he owned a house and lot in Iowa worth $300, and personal property in this State worth about $150, and that he was not indebted to an amount exceeding $100. He was subsequently sworn in Court, and stated substantially the same facts. The Court decided that sufficient cause had not been shown against the rule, and the plaintiff failing to give security for costs, his suit was dismissed. This decision is assigned for error.

Whether a plaintiff has sufficient ability to pay the costs of a suit commenced by him, is a matter which must necessarily be submitted to the discretion of the Court in which the cause is pending. The order of the Court directing him to give security for costs, is not a final judgment, and when the question arises only upon the testimony adduced of the ability of the party to pay costs, the decision thereon cannot be assigned for error. And if this Court had the authority

to review it here, we should not entertain a doubt that the order was correctly made.

One of the errors assigned in this case is, that the law of this State, requiring a party to give security for the payment of the costs of a suit commenced by him, is repugnant to the provisions of the 12th section of the 8th article of the Constitution of this State. We have often, heretofore, recognized the validity of this law, and can see nothing in the argument submitted in this case to induce us to change this opinion.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*