JOHN E. McLAUGHLIN, Respondent, *v.* WILLIAM H. KIPP and Others, Appellants, Impleaded with DANIEL APPLETON and Others.

*Action against an officer of the militia — chapter 212 of the Laws of 1898, requiring security for costs, is constitutional — constitutionality of the provision that he shall not be liable, civilly or criminally, for any act done while on duty.*

The provision of section 14 of the Military Code (Laws of 1898, chap. 212), providing, " When a suit or proceeding shall be commenced in any court by any person against any officer of the militia for any act done by such officer in his official capacity in the discharge of any duty under this chapter or against any person acting under the authority or order of any such officer or by virtue of any warrant issued by him pursuant to law, the defendant may require the person prosecuting or instituting the suit or proceeding to file security for the payment of costs that may be awarded to the defendant therein," is constitutional.

*Quære,* as to the constitutionality of the previous portion of the section, which provides, " Members of the militia ordered into the active service of the State by any proper authority shall not be liable, civilly or criminally, for any act or acts done by them while on duty."

APPEAL by the defendants, William H. Kipp and others, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Queens on the 13th day of October, 1902, denying said defendants' motion to require the plaintiff to give security for costs.

*Charles E. Lydecker* and *William J. Underwood,* for the appellants.

*T. Darrington Semple,* for the respondent.

WILLARD BARTLETT, J.:

This was an application to compel the plaintiff to give security for costs under the Military Code of the State of New York. (Laws of 1898, chap. 212, § 14.)

The section cited reads as follows: " Members of the militia ordered into the active service of the State by any proper authority shall not be liable, civilly or criminally, for any act or acts done by them while on duty. When a suit or proceeding shall be commenced in any court by any person against any officer of the militia for any act done by such officer in his official capacity in the discharge of any

duty under this chapter or against any person acting under the authority or order of any such officer or by virtue of any warrant issued by him pursuant to law, the defendant may require the person prosecuting or instituting the suit or proceeding to file security for the payment of costs that may be awarded to the defendant therein, and the defendant in all cases may make a general denial and give the special matter in evidence. In case the plaintiff shall be non-suited, or have a verdict or judgment rendered against him, the defendant shall recover treble costs."

This section would clearly apply to the present action, and would have required the court below to grant the application, if it distinctly appeared that the cause of action was against officers of the militia for any act or acts done by them in their official capacity in the discharge of any duty under the Military Code. Upon the hearing of the motion, however, the question whether the acts charged in the complaint were done by the defendants in their capacity as military officers or in the discharge of any duty under the Military Code, was squarely litigated, and the learned judge who heard the application may well have reached the conclusion upon the evidence furnished by the affidavits that the acts charged were not of such a character as to bring the defendants within the purview of the statute and entitle them to the privilege which it confers. The complaint contains no reference to the military character of the defendants, nor anything from which it could be inferred that the negligence which is the gravamen of the action arose out of the attempted discharge of any duty imposed upon them by the Military Code, and as the affidavits presented a conflict of proof on this subject, we cannot say that the learned court was wrong in deciding in favor of the plaintiff.

It is argued in his behalf that in any event the application must have been denied because section 14 of the Military Code is unconstitutional. (U. S. Const. art. 1, § 10, subd. 1, and 14th amendt. § 1; N. Y. Const. art. 1, § 6.) This proposition seems mainly directed to the first sentence of the section, which declares that members of the militia ordered into the active service of the State by any proper authority shall not be liable civilly or criminally for any acts done by them while on duty. That provision, however, is plainly separable from the provisions which follow it in regard to security for costs. As to

the latter we see no valid constitutional objection. Before the enactment of any of the existing provisions of law relating to security for costs, it was held that the power to require such security might be exercised irrespective of statute. (*People ex rel. Fuller* v. *Oneida Common Pleas*, 18 Wend. 652; *Swift* v. *Collins*, 1 Den. 659. See, also, *Forman* v. *Campbell*, 9 Ben. 472.) In other States and in the Federal courts the constitutionality of statutes requiring security for costs to be given by non-resident suitors has frequently been upheld. (*Gesford* v. *Critzer*, 7 Ill. 698; *Holt* v. *Tennally-town, etc., Co.*, 81 Md. 219; *Nease* v. *Capehart*, 15 W. Va. 299; *Miller's Administrator* v. *Norfolk & W. R. Co.*, 47 Fed. Rep. 264.) The reasoning of the decisions in the cases cited seems equally applicable to the case at bar, and we find no sufficient reason for condemning the legislation under review as violative of the Constitution. Nevertheless, we regard the decision at Special Term as right under the circumstances, and, therefore, conclude that the order should be affirmed.

GOODRICH, P. J., HIRSCHBERG, JENKS and HOOKER, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.