(160 App. Div. 71)

## FAILING v. GROUNDS.

(Supreme Court, Appellate Division, Third Department. January 7, 1914.)

1. COURTS (§ 190\*)—CITY COURTS—APPEAL—REVERSAL WITHOUT NEW TRIAL.
     Albany City Court Act (Laws 1910, c. 603) § 285, provides that an appeal may be taken from a judgment of such court rendered in an action to the County Court of Albany County, and that the appellate court may reverse, affirm, or modify the judgment appealed from, and, when a judgment is reversed, may order a new trial in the City Court. Section 301 declares that, in case of such an appeal, the appellate court must render judgment according to the justice of the case, without regard to technical errors which do not affect the merits; that it may affirm or reverse the judgment of the City Court in whole or in part, and, where the judgment is contrary to or against the weight of the evidence, may on reversal order a new trial as prescribed in the act. *Held,* that the County Court on such an appeal has jurisdiction to reverse the judgment without granting a new trial.

     [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.\*]

2. COURTS (§ 42\*)—"LOCAL COURT."
     "Local courts," as used in Const. 1846, art. 6, § 14, providing that inferior local courts of civil and criminal jurisdiction may be established by the Legislature in cities, means a court confined to a locality, to wit, to some fixed, definite political division; so that the Legislature has no power to carve out and create new judicial political divisions within which local courts may exercise jurisdiction.

     [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 163–170, 181–183; Dec. Dig. § 42.\*

     For other definitions, see Words and Phrases, vol. 5, p. 4205.]

3. COURTS (§ 42\*)—CITY COURTS—JURISDICTION—CONSTITUTIONAL PROVISIONS —APPLICATION.
     Const. 1894, art. 4, § 18, providing that inferior local courts of criminal and civil jurisdiction may be established by the Legislature in cities, refers only to such local courts as may have been created and established subsequent to the Constitution of 1846, and has no application to the City Court of Albany, which was founded nearly a quarter of a century before under the Constitution of 1777.

     [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 163–170, 181–183; Dec. Dig. § 42.\*]

Appeal from Albany County Court.

Action by John P. Failing against John S. Grounds. From an order and judgment of the Albany County Court reversing a judgment of the Albany City Court in favor of plaintiff for $500, he appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Charles Irving Oliver, of Albany, for appellant.
Harry Cook, of Albany, for respondent.

---

HOWARD, J. [1] Upon the reasoning of the county judge as in-dicated in his "decision," we think the order and judgment appealed from should be affirmed. We also conclude that sections 285 and 301 of the Albany City Court Act authorized the County Court to reverse the judgment without granting a new trial. There is no need of a new trial here.

The jurisdiction of the City Court of Albany is questioned here, and we have been led to express ourselves upon the subject.

The summons in this case was served upon the defendant outside the limits of the city of Albany. Section 9, c. 603, Laws of 1910, author-izes service in any town adjoining the city, but the defendant challenges the constitutionality of this law. The last paragraph of section 14 of article 6 of the Constitution of 1846 provides:

"Inferior local courts of civil and criminal jurisdiction may be established by the Legislature in cities."

The same provision was continued in the amended Constitution of 1846, except that the last two words "in cities" were omitted. Section 18 of article 6 of the Constitution of 1894 again contains the same pro-vision.

[2] It has been held many times in this state that a "local" court, within the meaning of that term as used in the constitutional provisions quoted, means a court confined to a locality—that is, to some fixed, definite political division—and that the Legislature has no power to carve out and create new judicial political divisions within which local courts may exercise jurisdiction. These decisions hold that the system of courts arranged and established by the Constitution must remain in-tact in order to avoid confusion, and that the Legislature has no right to create local courts with territorial jurisdiction overlapping other courts.

But these decisions apply in no manner to the City Court of Albany. That court was founded a quarter of a century before the Constitution of 1846; it dates back almost to the time before there was a Constitu-tion, for the Constitution of 1777 dealt but little with details and not at all with the subject of inferior local courts. Under the Constitution of 1777, the Legislature was fully authorized to create "the Justice's Court in and for the city of Albany." This court has been continued under various statutes and with increasing dignity and jurisdiction until it was finally remodeled by chapter 603 of the Laws 1910.

[3] The constitutional prohibition which limits the Legislature to the creation of "local" courts was not in the Constitution in 1821 when this court was originally created. It first came into the Constitution in 1846, but the City Court of Albany, under whatever name it may then have existed, was recognized by the same Constitution and was here established and confirmed by the Constitution itself. Section 12 of article 14 of the Constitution of 1846 says:

"All local courts established in any city or village * * * shall remain, until otherwise directed by the Legislature, with their present powers and ju-risdictions."

In the amended Constitution of 1846 these words of recognition and confirmation again appear, and they continued in the Constitution until

the new Constituion of 1894. Therefore it is seen that the Constitution has continuously recognized the City Court of Albany with all its powers and jurisdiction.

At one time the Legislature seems, by section 3223 of the Code of Civil Procedure, to have narrowed the jurisdiction of this court; but, of course, if the Legislature could narrow it, the Legislature could broaden it.

Therefore we conclude that section 18 of article 6 of the Constitution does not refer to the City Court of Albany, but refers only to such local courts as may have been created and established subsequently to the Constitution of 1846.

Judgment and order affirmed, with costs. All concur.