(94 Misc. Rep. 270)

## MITCHELL v. SCHROEDER.

(Supreme Court, Appellate Term, First Department. March 24, 1916.)

1. COURTS ⊜⟜190(8)—JURISDICTION—APPELLATE TERM.
　　Since the Municipal Court Code (Laws 1915, c. 279) determines the jurisdiction of the Appellate Term of appeals from the Municipal Court, and does not provide for appeals from an order of that court denying a motion to vacate an order for the examination of a defendant before trial, the only question the Appellate Term can determine on appeal from such an order is whether the Municipal Court had jurisdiction to make it.
　　[Ed. Note.—For other cases, see Courts, Dec. Dig. ⊜⟜190(8); Appeal and Error, Cent. Dig. § 3381.]

2. COURTS ⊜⟜189(1)—JURISDICTION—MUNICIPAL COURT.
　　Under Municipal Court Code, § 1, which makes Municipal Courts courts of record, and section 15, which provides that, except as otherwise provided in the act or in the rules, the practice, pleadings, forms, and procedure shall be the same as in like causes in the Supreme Court, the provisions of the Code of Civil Procedure which define and enumerate the general powers of the courts of record are thereby made applicable to the Municipal Court, but not its provisions which create new rights and powers in matters of practice and procedure, especially in view of the change made in the prior law, which provided that the provisions of the Code of Civil Procedure should apply to the Municipal Court as far as the same can be made applicable and do not conflict with the provisions of the act.
　　[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 413, 458; Dec. Dig. ⊜⟜189(1).]

3. COURTS ⊜⟜52—JURISDICTION—CONTROL BY LEGISLATURE.
　　Const. 1894, art. 6, § 18, permits the Legislature to change inferior courts existing at that time into courts of record, but does not permit it to change them into courts of general jurisdiction.
　　[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 184–192; Dec. Dig. ⊜⟜52.]

4. COURTS ⊜⟜188(1)—JURISDICTION—STATUTE—CONSTRUCTION.
　　Municipal Court Code, § 180, requiring the act to be liberally construed in furtherance of justice, and providing that the presumption of regularity shall attach to the proceedings, judgments, orders, etc., and that every fair intendment shall be made in favor of its jurisdiction, refers only to the determination of whether the jurisdiction of the powers existed in any given case, not whether the court was given certain powers.
　　[Ed. Note.—For other cases, see Courts, Cent. Dig. § 458; Dec. Dig. ⊜⟜188(1).]

⊜⟜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. STATUTES ☞217—CONSTRUCTION—PROCEEDINGS IN ENACTMENT—REPORT OF COMMISSION.

The report of the commission who drafted the Municipal Court Code, stating that it made no real increase in the powers of the court by making it a court of record, is not binding on the courts, but is helpful in determining the construction to be placed on the Code.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 293; Dec. Dig. ☞217.]

6. COURTS ☞189(1)—JURISDICTION—MUNICIPAL COURT—EXAMINATION OF ADVERSE PARTY.

The right to order the examination of an adverse party before trial, conferred upon the judges of the Supreme Court by Code Civ. Proc. § 873, is not a matter of practice or procedure, which was conferred on the Municipal Court by Municipal Court Code, § 15, especially in view of Municipal Court Code, tit. 5, art. 2, providing for commissions to take testimony and for the physical examination of a party.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 413, 458; Dec. Dig. ☞189(1).]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Frank E. Mitchell against Ludolf G. Schroeder. From an order denying a motion to vacate an order for the examination of the defendant before trial, defendant appeals. Reversed, and motion granted.

Argued March term, 1916, before LEHMAN, PENDLETON, and WHITAKER, JJ.

Arthur L. Fullman, of New York City, for appellant.

Davis & Mayer, of New York City (Chester Mayer, of New York City, of counsel), for respondent.

LEHMAN, J. [1] The defendant appeals from an order denying his motion to vacate an order of examination made by a justice of the Municipal Court. The Municipal Court has been made by the Legislature a "court of record," but it was and still remains a court of limited jurisdiction, and has those powers, and those powers only, which have been conferred upon it by the Legislature, expressly or by fair implication. The same statute which determines the jurisdiction of the Municipal Court also determines the jurisdiction of this court on appeals from the Municipal Court. That statute nowhere specifically confers upon the Municipal Court, or any justice thereof, any power to grant an order of examination before trial of an adverse party; it also nowhere confers upon this court any power to hear an appeal from an order granting or denying an order of examination, or granting or denying a motion to vacate such an order. If the Municipal Court has the power to grant such an order, then we cannot pass upon any question of whether this power was correctly exercised. The sole question before us, therefore, is one of jurisdiction, viz.: Has a justice of the Municipal Court the power to grant an order of examination. If a justice of the Municipal Court has no such power, then obviously the court had no power to make any order denying the motion to vacate.

[2] The learned justice below has held that since the Municipal Court is a court of record, and since section 15 of the Municipal Court Code provides that, "except as otherwise provided in this act or in the rules, the practice, pleadings, forms and procedure in this court shall conform, as nearly as may be, to the practice, pleadings, forms and procedure existing at the time in like causes in the Supreme Court, any statutory limitations, heretofore enacted to the contrary thereof notwithstanding," it follows that section 873 of the Code of Civil Procedure, which is generally applicable to courts of record, must also apply to the Municipal Court. To test the correctness of this conclusion we must consider three questions: (1) Does the Municipal Court Code make other and exclusive provisions for an examination before trial? (2) What, if any, powers has the Legislature conferred upon the Municipal Court by making it a court of record? (3) Is an order of examination of a party before trial a part of the "practice" or "procedure" of the Supreme Court, within the meaning of the Municipal Court Code?

Article 2, title 5, of the Municipal Court Code, makes provisions for commissions to take testimony; but the provisions of that article, with the exception of section 117, are confined to cases where there is ground for belief that the attendance of the witness at the trial cannot be secured. Section 117 of the Municipal Court Code provides for the physical examination of a party who claims damages for personal injuries. It is quite possible that the Legislature, in making these provisions, did not intend to provide that the provisions of the Code of Civil Procedure in regard to the right of examination of adverse parties should not be applicable to the Municipal Court, yet it seems to me difficult to see why the Legislature should have made specific provisions for the taking of certain depositions, if it considered that the section of the Code of Civil Procedure in regard to these matters should be applicable to the Municipal Court.

It is especially difficult to understand why the Legislature should, in section 117 of the Municipal Court Code, have provided for a physical examination of an adverse party, if it intended also to make applicable to the Municipal Court the provisions of section 873 of the Code of Civil Procedure, which makes a general provision for this purpose. However, I prefer to rest my decision in this case upon broader grounds than the argument that these provisions of the Municipal Court Code were intended to take the place of the provisions of the Code of Civil Procedure which would be otherwise applicable to the Municipal Court. At the same time, I think that they tend to show that the Legislature did not consider that the provisions of the Code of Civil Procedure in regard to examinations before trial were applicable to the Municipal Court.

[3] The Constitution of the state of New York permits the Legislature to change inferior courts, existing at the time the Constitution of 1894 was adopted, into courts of record; but it does not permit the Legislature to change these courts into courts of general jurisdiction. See Lewkowicz v. Queen Aeroplane Co., 207 N. Y. 290, 100 N. E. 796. In other words, though the Municipal Court may for certain purposes

be regarded as a court of record, like the City Court, "it is such only for the purpose of fully exercising its powers, solely statutory." See Purton v. Watson (N. Y. City Ct.) 2 N. Y. Supp. 661, at page 664. It follows that, even though the Municipal Court be a court of record, it still has only such powers as are granted to it by statute.

It is argued, however, that chapter 10, article 2, is by express provision of section 3347 of the Code of Civil Procedure made applicable to all courts of record, and section 870 of the Code also refers to actions in a court of record, and that, therefore, the provisions of that chapter became ipso facto applicable to the Municipal Court as soon as that court became a court of record. There is no doubt in my mind that wherever the Legislature has made provision for the organization of courts of record, or for the effect to be given to the judgments of a court of record, such provisions necessarily become applicable to the Municipal Court when that court became a court of record. Such provisions give the court no additional powers; they merely regulate the exercise of the statutory powers of the court.

The question, however, of whether those provisions of the Code of Civil Procedure which do not simply regulate the organization of the courts and the manner of the exercise by the court of powers which are either inherent in the courts or given to them by statute are also applicable to the Municipal Court merely because the Legislature has made a general provision that these provisions are applicable to all courts of record presents different considerations. In other words, we may assume that all provisions of the law which define the manner in which a court of record shall exercise its statutory or inherent powers are applicable to the Municipal Court, and yet it does not necessarily follow that the Legislature intended to confer new powers upon that court not specifically given by the Municipal Court Code.

[4] The Municipal Court Code provides in section 180 that:

"The provisions of this act shall be liberally construed in furtherance of justice. The presumption of regularity shall attach to the proceedings, judgments, orders and final orders of this court, and every fair intendment shall be made in favor of its jurisdiction."

The learned justice below has in his opinion referred to the words "and every fair intendment shall be made in favor of its jurisdiction" as an argument in favor of giving a broad interpretation to the Municipal Court Code, and in favor of holding that the Municipal Court has jurisdiction wherever there is any doubt as to the meaning of that Code. I do not think that the Legislature had any such intent in using these words. I think that the words are obviously intended to be confined to the effect to be given to the records of the Municipal Court, and that every fair intendment of fact that may be given to the records shall be in favor of supporting the judgments or orders of the court; where however, the question to be considered is not whether the jurisdictional *facts* existed in any given case, but solely the question of whether the court has been given certain powers by statute, these words have no application.

In considering the meaning of the statute, we are bound only by the words of the statute, including the words, "The provisions of this act

shall be liberally construed in furtherance of justice." These words, however, furnish us with no guide to the actual intent of the Legislature. The Legislature unquestionably intended to give to the Municipal Court powers adequate to do justice within the limits of the jurisdiction conferred upon it. No legislative mandate should be necessary to keep this court from giving the statute a narrow construction, which will interfere with the powers of the court to carry out the legislative will. In the final analysis, however, the powers of the Municipal Court rest upon legislative will, and not upon the will of the courts, and the courts cannot, in the guise of a liberal construction, confer upon the Municipal Court a power not given by the statute.

The sole question which we have a right to consider is: Did the Legislature, in enacting this statute, mean to give the Municipal Court all the powers which by the Code of Civil Procedure it had conferred upon courts of record, except as those powers are specifically limited by the Municipal Court Code. I do not think that we are required, or even authorized, to give the Municipal Court Code such a construction.

[5] The report of the commission which drafted the Municipal Court Code states:

"I. Making the Municipal Court a court of record, increasing its jurisdiction to one thousand dollars, and providing for a Chief Justice and chief clerk.

"In the opinion of the commission the reasons for these changes are convincing. By making the court a court of record many salutary provisions of law generally applicable to courts of record become applicable to the Municipal Court without the necessity of repeating them in the act. On the other hand, *no real increase of the powers of the court is made by that change*, for the court has long possessed all of the general powers of a court of record enumerated in the statute (Code Civ. Proc. § 7), viz., to issue a subpœna, to administer an oath to a witness, and to devise and make new process and forms of proceedings necessary to carry its power into effect. Indeed, the terms 'court of record' and 'courts not of record,' as used in our law, have become little more than a convenient means of classification." (Italics are mine.)

Obviously the opinion of the commissioners who drafted the Municipal Court Code that the change in the law made no real increase of the powers of the court is not binding upon this court, but it is at least helpful to us in determining whether a construction which will give the Municipal Court a real increase of power is liberal construction in furtherance of justice.

Section 7 of the Code of Civil Procedure enumerates the general powers of courts of record. Even if the Municipal Court had not previously possessed these powers, this section became applicable to it as soon as it was made a court of record. The Legislature must have known the definition which it has given to the organization and general powers of a court of record, and in making the Municipal Court a court of record it necessarily made the enumeration of the powers of a court of record applicable to the Municipal Court.

It seems to me, however, extremely doubtful whether the Legislature intended that those provisions of the Code of Civil Procedure which do not define or enumerate the general powers and organization of courts of record, or regulate the exercise of these general powers,

but which create new rights and powers in matters of practice or procedure, should become applicable to the Municipal Court merely because the Code of Civil Procedure has also provided that these sections of the Code are applicable to courts of record. This distinction seems to me to rest on a firm basis. When the Legislature made the Municipal Court a court of record, that court ipso facto became entitled to exercise all those powers which are inherent in courts of record in the exercise of their statutory jurisdiction. When the Legislature passed general enactments, whether in the Code of Civil Procedure or elsewhere, defining in general the powers of all courts of record, such general powers also became vested in the Municipal Court when it became a court of record, without any specific provision of law making these statutes applicable to the Municipal Court, and merely by reason of the fact that it did become a court of record.

As a court of record created by the Legislature, it must necessarily fall within the legislative definition of a court of record. Where, however, the Legislature has in the Code of Civil Procedure made provision for new rights, remedies, and powers, these specific rights, remedies, and powers do not become applicable to the Municipal Court, *which has been given a code of its own,* unless the provisions of the Code of Civil Procedure were also made applicable to the Municipal Court. The mere fact that the provisions of the Code of Civil Procedure creating these rights, remedies, and powers are by the Code made applicable to proceedings in courts of record is not conclusive, except in so far as the Legislature intended that the general provisions of the Code of Civil Procedure should be applicable to the Municipal Court, in addition to the provisions of the Municipal Court Code. It is somewhat significant that nowhere in the Municipal Court Code did the Legislature enact that the *"provisions"* of the Code of Civil Procedure shall apply to the Municipal Court, as far as the same can be made applicable and are not in conflict with the provisions of the act. The Municipal Court Act as it existed prior to September 1, 1915, contains such a section (section 20); but in the present Code the Legislature has substituted, for that section, section 15 quoted above. In the sections of the Code of Civil Procedure relating to the City Court the Legislature has specifically provided that:

"Each of the foregoing *provisions* of this act * * * applicable to the City Court of the City of New York, or generally to courts of record, is subject to the qualifications and exceptions expressed or plainly implied in this title." Section 3159, Code Civ. Proc.

If we now hold, in spite of this omission, the Legislature intended to make all the provisions of the Code of Civil Procedure which are applicable generally to courts of record also applicable to the Municipal Court, we must arrive at the strange result that the Legislature intended to give by implication to the Municipal Court powers which it expressly withdrew from the City Court, including the power to appoint referees under section 827 of the Code, and yet that the Legislature has provided no method of appeal or review of any intermediate orders made under the powers impliedly given, except as such orders may be reviewed upon appeal from a final judgment. It

seems to me that the only reasonable construction of the Municipal Court Code is that the Legislature intended to give to the Municipal Court no powers not expressly or by fair implication given by such Code, and that only those sections of the Code of Civil Procedure are applicable to the Municipal Court which fall within the language of section 15 of the Municipal Court Code; i. e., those sections of the Code of Civil Procedure which cover matters of practice, pleadings, forms, and procedure in the exercise of the powers otherwise expressly or impliedly granted to the Municipal Court.

[6] The only question that remains is whether an order of examination is such a matter of practice or procedure. The right to examine an adverse party is purely a statutory right. The courts have no inherent power to grant such an order. In fact, even the Supreme Court has absolutely no right to grant such an order, for the statute has conferred that power upon a judge of the court, and not upon the court. Heishon v. Knickerbocker L. I. Co., 77 N. Y. 278. The right to an order of examination cannot, I think, strictly be considered as a matter of practice or procedure in an action; it is a right given to a party in the action by statute, and though the order is obtained in the action, and not in a special proceeding, yet that order can be made only by virtue of the power conferred by statute, and is not merely a matter of practice or procedure of the court in the action. In other words, section 873 of the Code of Civil Procedure does not regulate or alter or determine the practice or procedure of the court, but confers a new power upon a judge of the court.

It seems to me that when we read the entire Municipal Court Code, especially in view of the alteration in the language between the old act and the new Code, and in view of the fact that the Legislature has made specific provision in the Municipal Court Code for the physical examination of an adverse party, for the taking of depositions de bene esse, and for other matters which are covered, and well covered, by provisions applicable to all courts of record, a reasonable construction of the act requires us to hold that the Legislature intended to make the Municipal Court a court of record only in the exercise of its statutory powers, that it did not impliedly give to the Municipal Court all the powers conferred by the Code upon courts of record, but merely intended that in the exercise of the powers specifically granted to it the same practice, pleadings, forms, and procedure shall be used as in the Supreme Court. Such a construction will carry out the legislative intent that the practice and procedure in all courts shall be the same within the limits of the powers conferred on each court; it will give to the Municipal Court all the subsidiary powers which at common law were inherent in a court of record, so far as they are applicable in the exercise of the statutory powers given it by the Legislature, and all the powers which come within the legislative definition of the powers of a court of record; it will do away with many of the technicalities which grew up under the Municipal Court Act, but it will not by implication confer upon that court statutory powers of a new kind which the Legislature has not specifically given to the court. In other words, I consider that a liberal construction of the

act in furtherance of justice requires us to hold that the Legislature has made the practice, pleadings, forms, and procedure of the Municipal Court conform to that of the Supreme Court, and has conferred upon the Municipal Court all the powers which must reasonably be implied by that enactment, but it has conformed the practice, pleadings, forms, and procedure to that of the Supreme Court only within the limits of the powers specifically granted to it, and has not by implication granted it any powers, granted to courts of record by general statute, which are not reasonably necessary in the exercise of its statutory powers.

I have not arrived at this result without considerable doubt. I am aware that the Appellate Term, Second Department, has held otherwise upon this question in the case of Scheidlinger, as Adm'r, v. Silber, 158 N. Y. Supp. 27, and I would be constrained to follow that decision, for the sake of unanimity in the courts, but for the fact that, if we do so, the appeal in the present case must be dismissed, and I have some doubt whether there could be a review by the Appellate Division of an order dismissing an appeal.

It follows that the order should be reversed, and the motion to vacate granted, with leave to the plaintiff to appeal to the Appellate Division. All concur.