(94 Misc. Rep. 322)

SCHEIDLINGER v. SILBER et al.

(Supreme Court, Appellate Term, Second Department.   March 17, 1916.)

1. COURTS ⬯189(1)—JURISDICTION—MUNICIPAL COURT—STATUTE.
        The Municipal Court Code (Laws 1915, c. 279), section 1 of which made the Municipal Court a court of record, and section 15 of which declares that the practice, pleadings, forms, and procedure shall conform to the practice, pleadings, forms, and procedure in like causes in the Supreme Court as nearly as may be, makes applicable to proceedings in the Municipal Court Code Civ. Proc. § 870, providing for the taking of the deposition of an adverse party before trial, and authorizes the Municipal Court to issue an order for such examination.
        [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 413, 458; Dec. Dig. ⬯189(1).]

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. Courts ⚫→42(5)—Statutory Provisions—Constitutionality.

Const. art. 6, § 18, providing for the creation of lower courts, but that no inferior local court thereafter created shall be a court of record, does not invalidate Municipal Court Code, § 1, making that court a court of record, since the court was not created subsequent to the adoption of the constitutional provision, but was a continuance of previously existing courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 168, 181–183; Dec. Dig. ⚫→42(5).]

3. Judges ⚫→11—Removal—Constitutional Provisions.

Municipal Court Code, § 1, making Municipal Courts courts of record, deprives the Supreme Court of the power to remove justices of such courts, under Const. art. 6, § 17, empowering it to remove judges of courts not of record, and vests such power in the Senate, under Const. art. 6, § 11.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 42–45; Dec. Dig. ⚫→11.]

4. Constitutional Law ⚫→48—Validity of Statute—Presumption.

A statute can be declared unconstitutional only when it can be shown beyond reasonable doubt that it conflicts therewith, and, until every reasonable mode of reconciliation of the statute with the Constitution has been resorted to, and reconciliation found impossible, the statute will be upheld.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 46; Dec. Dig. ⚫→48; Statutes, Cent. Dig. § 56.]

5. Courts ⚫→190(2)—Jurisdiction—Appellate Term—Orders of Municipal Court.

Municipal Court Code, § 154, authorizing appeals from judgments, final orders, and certain specified orders of the Municipal Courts, does not authorize an appeal from an order of that court denying a motion to vacate an order for the examination of a defendant before trial.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ⚫→190(2); Appeal and Error, Cent. Dig. § 3381.]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Max Scheidlinger, as administrator of Esther Scheidlinger, deceased, against Laisser Silber and another. From an order of the Municipal Court, denying a motion to vacate an ex parte order for the examination before trial of the defendant Laisser Silber, that defendant appeals. Appeal dismissed.

Argued March term, 1916, before KAPPER, BLACKMAR, and CALLAGHAN, JJ.

Max Schleimer, of New York City, for appellant.
Samuel Scheindlinger, of New York City, for respondent.

KAPPER, J. [1] By chapter 279 of the Laws of 1915 the Legislature enacted the Municipal Court Code, defining the jurisdiction of the Municipal Court of the City of New York. Section 1 provides that the court "shall be a court of record." Section 15 declares that:

"The practice, pleadings, forms and procedure in this court shall conform, as nearly as may be, to the practice, pleadings, forms and procedure existing at the time in like causes in the Supreme Court."

No express provision for the taking of the deposition of a party before trial is contained in the act. Section 870 of the Code of Civil

Procedure provides for the taking of such a deposition in an action "pending in a court of record." Hence the power to order such an examination in an action pending in the Municipal Court must find support wholly in the general application of this Code provision to courts "of record."

[2] We have reached the conclusion that the statutory authority for the making of the ex parte order assailed is ample and complete, and it would scarcely be necessary to say anything in affirming the order refusing to vacate it, were it not for the fact that the appellant challenges the constitutionality of the new Municipal Court legislation, upon the ground that the Legislature was powerless to constitute the Municipal Court of the City of New York a court of record, and the first sentence of section 18 of article 6 of the Constitution is invoked to that end. It is as follows:

"Inferior local courts of civil and criminal jurisdiction may be established by the Legislature, but no inferior local court hereafter created shall be a court of record."

The question raised is beyond discussion. The status of the Municipal Court of the City of New York has been determined by the Court of Appeals in Worthington v. London G. & A. Co., 164 N. Y. 81, 58 N. E. 102, and in Routenberg v. Schweitzer, 165 N. Y. 175, 58 N. E. 880, in both of which it was held that such court is not a new court, but instead is a continuation of the District Courts of the old city of New York and the Justices' Courts of the First, Second, and Third districts of the old city of Brooklyn under a new name. The courts, so continued, existed long prior to the Constitution of 1894, and, as there was no constitutional inhibition against the creation by the Legislature of an inferior local court as a court of record prior to 1894, restraint against the legislative action now attacked is wholly wanting. The inhibition contained in the sentence of the Constitution quoted "was restricted to future courts"; in other words, "to courts subsequently created." See Lewkowicz v. Queen Aeroplane Co., 207 N. Y. 290, 295, 297, 100 N. E. 796.

The only restriction against legislation affecting inferior local courts created prior to 1894 is that neither equity jurisdiction nor any greater jurisdiction in other respects than is conferred upon County Courts shall be given to the Municipal Court. Const. art. 6, § 18; and see Lewkowicz Case, supra. It was the view of Judge Haight in the Worthington Case (164 N. Y. 92, 58 N. E. 102) that, as the Municipal Court is a continuation of the District Courts and Justices' Courts referred to, plenary power for legislative control is found in section 17 of article 6 of the Constitution, which provides that:

"Justices of the peace and District Court justices may be elected in the different cities of this state in such manner, and with such powers, and for such terms, respectively, as are or shall be prescribed by law."

Whether it was within the contemplation of the framers of the Constitution that courts of justices of the peace could lose their identity as such and be vested with this augmented jurisdiction and power is wholly immaterial in view of the authority of the Legislature, with

the wisdom of whose action within the purview of its power the courts may not interfere. Similar legislation affecting the City Court of Albany, which was once a Justice's Court, was upheld in Failing v. Grounds, 160 App. Div. 71, 145 N. Y. Supp. 427.

[3] The appellant further argues that the making of the Municipal Court a court of record deprives the Supreme Court of the power of removal of the justices of that court, which it undoubtedly possesses over justices of inferior courts not of record. Constitution, art. 6, § 17. The power of removal of judges of the Court of Appeals and justices of the Supreme Court is vested in the Legislature; while all other judicial officers are removable by the Senate upon the recommendation of the Governor, excepting in the case of justices of the peace and judges or justices of inferior courts not of record. Constitution, art. 6, § 11. It is perhaps unnecessary to a decision here to determine where the power of removal of the justices of the Municipal Courts now resides; but it seems to me that the legislation under discussion has legally taken this power from the Supreme Court and vested it in the Senate, to be exercised in the manner provided by section 11 of article 6 of the Constitution. It was said in Matter of Deuel, 116 App. Div. 512, 515, 101 N. Y. Supp. 1037, 1039:

"An enactment creating a court of record for a particular purpose, as for the purpose of removing its judges, and not of record for every other purpose, would be a manifest absurdity."

And of course a like absurdity would be manifest if the Municipal Court were a court of record for all purposes save that of the removal of its justices. We have seen upon the highest authority that the Legislature had the power to constitute the Municipal Court of the City of New York a court of record for the reason that it was not a court created since the adoption of the Constitution of 1894, but was a continuation of the District and Justices' Courts within the territory of that city as now constituted. This power being admitted, it must be implied that the effected change legally carries with it the change in regard to the power of removal of the justices of the Municipal Court as heretofore governed by section 17 of article 6 of the Constitution. This construction reconciles the statute with the Constitution.

[4] A statute can be declared unconstitutional only when it can be shown beyond reasonable doubt that it conflicts with the fundamental law, and until every reasonable mode of reconciliation of the statute with the Constitution has been resorted to, and reconciliation found impossible, the statute will be upheld. People ex rel. Henderson v. Board of Supervisors of Westchester County, 147 N. Y. 1, 2, 41 N. E. 563, 30 L. R. A. 74.

[5] As we have reached the conclusion that the justice of the Municipal Court was not without power to make the order for the examination of the defendant, we think that the order appealed from, denying the motion to vacate that order, is not appealable under the Municipal Court Code (section 154), and that the appeal should therefore be dismissed, with $10 costs.

CALLAGHAN, J., concurs.

BLACKMAR, J.   I concur in the prevailing opinion to the effect that the act of the Legislature making the Municipal Court a court of record is valid, but am not satisfied that it necessarily follows that such act results in depriving the Supreme Court of the power of removal of the justices.  The operation of the act may, it seems to me, be limited by the other constitutional measure that the justices must be removed by a court.  Any other view gives to the act the effect of nullifying that plain provision of the Constitution.  I vote to declare the act constitutional, without attempting to pass on the question whether the effect of it is to make the justices removable only by the Senate, instead of by the Supreme Court.