JAMES J. CROWE, Plaintiff, *v.* MARSH GARAGE CO., INC.,
Defendant.

(Municipal Court of the City of New York, Borough of Manhattan,
Ninth District, January, 1922.)

**Municipal Court of the city of New York — provisions of Civil
Practice Act applicable — deposition of party before trial —
Civ. Pr. Act, §§ 290, 291.**

The Municipal Court of the city of New York is a court
of record and the provisions of the Civil Practice Act for the
taking of testimony by deposition and the practice thereon
as described by said Act are applicable to said court.

Where in an action brought upon oral pleadings in that
court to recover broker's commissions, the answer seeks to
put in issue every fact necessary for plaintiff to prove in
order to establish a cause of action, a motion under section
291 of the Civil Practice Act to vacate a notice given by
plaintiff for the taking of the deposition of defendant before
trial pursuant to section 290 of said statute will be denied,
although plaintiff has filed a bill of particulars.

MOTION to vacate notice.

Cohen Brothers (Guy Hughes Riegel, of counsel),
for plaintiff.

Frackman & Robins, for defendant.

LAUER, J.   This is a motion to vacate a notice to
take the deposition of the defendant before trial given
pursuant to section 290 of the Civil Practice Act. The
motion to vacate is made pursuant to section 291 of
the same act.

I am of the opinion that the provisions of the Civil
Practice Act for the taking of testimony by deposition
pursuant to section 290 and the practice thereon as it

is now contained in the Civil Practice Act is applicable
to the Municipal Court of the city of New York. The
Civil Practice Act by section 1, article 1, provides
that " This act shall be known as The Civil Practice
Act, and, except as otherwise expressly provided, shall
apply to the civil practice *in all the courts of record of
the State.*"

The Municipal Court of the city of New York is a
court of record. Mun. Ct. Code, § 1.

When the case of *Mitchell* v. *Schroeder,* 94 Misc.
Rep. 270, was decided by the Appellate Term and sub-
sequently affirmed by the Appellate Division on the
opinion of Mr. Justice Lehman (174 App. Div. 857),
subdivision 4 of section 27 of the Municipal Court
Code, which was added by chapter 610 of the Laws of
1916 and which conferred the power upon the Munic-
ipal Court of taking the deposition of a party to an
action, had not been enacted. By subdivision 4 of sec-
tion 27 of the Municipal Court Code the deposition of
a party to an action in the Municipal Court or of a per-
son who expects to be a party to an action about to be
brought in that court may be taken at his own expense
or at the instance of an adverse party or by a co-plain-
tiff or co-defendant at any time before or during the
trial " *in the same manner as such depositions are
taken under the provisions of law applicable to like
cases in the supreme court.*" There can be no doubt
that, even though effect be given to the case of *Mitchell*
v. *Schroeder, supra,* the power to take the deposition
of a party having been vested in the Municipal Court
by subdivision 4 of section 27 of the Municipal Court
Code, the practice and procedure as it prevails in the
Supreme Court by express provision of that section is
the proper practice to pursue in this court. Such also
is the plain intent of the provisions of section 15 of the
Municipal Court Code which provides that " except

as otherwise provided in this act or in the rules, the practice, pleadings, forms and procedure in this court shall conform, as nearly as may be, to the practice, pleadings, forms and procedure existing at the time in like causes in the supreme court, any statutory limitations, heretofore enacted, to the contrary thereof notwithstanding.'' I entertain, therefore, no doubt that the practice pursued in this case is correct.

The pleadings in this case are oral. As appears from the endorsement upon the summons the nature and substance of the cause of action is stated '' an action to recover broker's commissions for the sale of defendant's garage at 201 St. Marks avenue, Borough of Brooklyn, N. Y.'' The defendant's answer as endorsed on the defendant's written notice of appearance filed is '' General denial.'' The defendant thus sought to put in issue every fact necessary for the plaintiff to prove in order to establish his cause of action. The plaintiff's notice which in effect required the defendant to be examined on each one of the issues of the case was quite correct in form and substance.

The defendant I think has not correctly interpreted the purpose of the examination of the defendant before trial in this case when he characterizes it as a fishing excursion, in view of the general denial interposed by it, nor do I think that the plaintiff should be denied the right to examine the defendant before trial in this case because he filed a bill of particulars of his claim in pursuance of the demand of the defendant.

Motion to vacate the notice is denied, with ten dollars costs.