ALEXANDER SMITH COCHRAN, Plaintiff, *v.* ISIDORE SCHERER, Defendant.

(Municipal Court of the City of New York, Borough of Manhattan, Ninth District, January, 1922.)

Municipal Court of the city of New York — Rules of Civil Practice apply — action for rent — insufficient denial under Municipal Court Code, § 92 — answer alleged lease procured by fraud — tenant did not surrender possession of premises — motion for summary judgment under rule 113 of Civil Practice Rules granted — Municipal Court Code, § 15.

By section 15 of the Municipal Court Code the Rules of Civil Practice apply to the Municipal Court of the city of New York and no provision of the Judiciary Law is inconsistent with such application.

In an action brought in the Municipal Court of the city of New York to recover rent for the last three months of 1921 under a written lease executed in November, 1920, the defendant both in his original and in his amended answer denied " each and every allegation of the complaint excepting that he admits he is in possession of the premises described in the complaint." *Held,* that under section 92 of the Municipal Court Code such denial was insufficient to raise the question of the validity of the lease, particularly where in a separate defense the defendant expressly admits that he executed the lease, entered into the occupation and possession of the premises and paid rent from December 1, 1920, to November 1, 1921.

Alleged false and fraudulent representations by plaintiff that no building or structure would be built upon the vacant lot in the rear of the leased premises during the period of defendant's lease, were pleaded in a separate defense and following a statement that said representations were relied upon by defendant, it was further alleged that after the making of the lease a structure, the new addition to the Plaza Hotel, etc., was built upon said vacant lot, the wall of which projected far above the windows in defendant's apartment and so near as to cut off light and air and shut off the view. *Held,* that if defendant because of the alleged false and fraudulent repre-

sentation desired to repudiate or rescind the lease he should have, on discovery of the alleged fraud, promptly surrendered possession of the premises.

Upon a motion made by plaintiff after the Civil Practice Act and the Rules of Civil Practice took effect, to strike out the answer and for summary judgment under rule 113 of said rules, the defendant in his supporting affidavit gave his version of a conversation with an employee of plaintiffs' agent concerning the terms of the lease and as to the possibility of a building being erected in the rear of the leased premises. *Held*, that the motion for summary judgment must prevail, it being apparent from the undisputed facts that upon no theory of law could the defendant sustain his alleged defense.

Motion by plaintiff for order striking out answer and for summary judgment.

Henry S. Goodspeed, for plaintiff.

Clarence E. Sutherland, for defendant.

Lauer, J. This is a motion made on behalf of the plaintiff for an order striking out the defendant's answer and for summary judgment in favor of the plaintiff against the defendant pursuant to rule 113 of the Rules of Civil Practice. Before considering the merits of the motion and the sufficiency of the defense as presenting an issue, the question is presented as to whether the Rules of Civil Practice apply to the Municipal Court.

Under the provisions of section 15 of the Municipal Court Code it would seem that there could be no question about this, and there would be no doubt about it but for the decision in the case of *Mitchell* v. *Schroeder,* 94 Misc. Rep. 270; affd., 174 App. Div. 857, which interpreted that section and apparently limited its application.

Section 15 of the Municipal Court Code provides: "Except as otherwise provided in this act or in the rules, the practice, pleadings, forms and procedure in this court shall conform, as nearly as may be, to the practice, pleadings, forms and procedure existing at the time in like causes in the supreme court, any statutory limitations, heretofore enacted, to the contrary thereof notwithstanding."

I have never personally been in accord with the reasoning of that decision or the interpretation which has been given to section 15 by reason thereof. I believe that the appellate court in reaching the determination in that case did not have before it controlling authority holding to the contrary. A distinction is drawn in that case between the inherent power of the Supreme Court and the conferred or statutory power of the Supreme Court. However, I believe that the provisions of the present Civil Practice Rules are applicable even under the limitations placed upon section 15 by the case cited. Undoubtedly the legislature had the right to change the practice in the Municipal Court if it so desired. The legislature did this very thing by the passage of a law which provided (Laws of 1920, chap. 902), for a convention " to formulate and adopt suitable rules of practice not inconsistent with the judiciary law nor with the civil practice act, adopted by this legislature, *which shall be binding upon all the courts in this state and all the justices and judges thereof,* except the court for the trial of impeachments and the court of appeals."

I know of no provision in the Judiciary Law which is inconsistent with the application of the Civil Practice Rules adopted by the convention to the Municipal Court, and the Civil Practice Act by section 1 provides that the act " except as otherwise expressly provided, shall apply to the civil practice in *all the*

Municipal Court of New York, January, 1922.  [Vol. 117.

*courts of record of the state."*  The present motion was instituted after October 1, 1921, when the Civil Practice Act and Rules took effect and, therefore, I see no reason why Civil Practice Rule 113 should not apply.  This rule provides, "when an answer is served in an action to recover a debt or liquidated damages arising, 1. on a contract, express or implied, sealed or not sealed; 2. on a judgment for a stated sum; the answer may be struck out and judgment entered thereon on motion, and the affidavit of the plaintiff or of any other person having knowledge of the facts, verifying the cause of action and stating the amount claimed, and his belief that there is no defense to the action; unless the defendant by affidavit, or other proof, shall show such facts as may be deemed, by the judge hearing the motion, sufficient to entitle him to defend."

The present action is brought to recover rent for the months of October, November and December, 1921, under a written lease executed on November 13, 1920, between the plaintiff and the defendant.  The defendant by his original answer and also by his amended answer denied " each and every allegation of the complaint excepting that he admits he is in the possession of the premises described in the complaint."  This denial is not sufficient, under the provisions of section 92 of the Municipal Court Code, to question the validity of the lease alleged in the complaint.  Besides, in the separate defense of the answer the defendant expressly admits that he executed the lease alleged in the complaint and entered into the occupation and possession of the premises and paid the rent from December 1, 1920, to November 1, 1921.  The defendant alleges that prior to and at the time of the making of the lease the premises in the rear of the apartment

leased to the defendant was vacant and the defendant had light, air and access to his apartment and an unobstructed view to Fifty-eighth street in the rear of the leased premises which were on Fifty-ninth street, and the defendant alleges that his apartment was "bright, cheerful, and in which the sun shone during the daylight hours, and artificial light was unnecessary." The defendant further alleges that the plaintiff "falsely and fraudulently represented and stated to the defendant that the said premises in the rear of said demised premises would remain vacant and no improvement or building would be built thereon during the period of this lease;" and further, "that plaintiff would guarantee and assure the defendant that no building or structure would be built upon such vacant lot during the period of said lease and that the light, air and access and view from the said demised premises would remain unobstructed during the term of said lease." The defense then states in the answer, that these representations were false and were relied upon by the defendant, and then the defendant alleges that "thereafter and on or about the 13th day of November, 1920, a building or structure was built upon said vacant lot, which projected far above the windows in defendant's apartment and the wall of which was near to the defendant's windows, and thereby obstructed the light, air and access to the defendant's apartment, and shut off the view from his windows and the apartment became dark and unhealthy, and had to be lighted by artificial means at all times." The defendant further then alleges that he "elected to remain in the premise and recover damages for the fraudulent acts of the defendant herein" and that the defendant has been damaged $1,000, "the difference between the present value and the rent reserved in the lease."

49

As a further and separate defense under the second counterclaim he substantially realleges the matter set forth in the first defense and counterclaim which I have just outlined, but alleges that it was a warranty and representation and asks damages for $1,000. In his supporting affidavit on this motion the defendant gives his version of a conversation between an employee of Pease & Elliman, the landlord's agents, concerning the property and the terms of the lease as follows: '' Deponent's wife asked this person whose name is: unknown to deponent, if there was a possibility of a building being built in the rear of the demised premises and the said agent said that there was no such possibility and deponent's wife then said that she would not take a lease to the apartment if a building should be built in the rear of the apartment and cut off the light and air, and the agent then replied that we can assure you and guarantee you that your light of the apartment will never be cut off as long as you stay there, and there will be no building done in the rear of the apartment during the term of the lease. Thereupon defendant's wife replied that they would rely upon that statement and take the lease and the agent said it was all right and thereupon deponent signed the lease and paid the rent.'' Assuming this statement to be true and the best that the defendant could establish on the trial, it is quite apparent that a conversation such as took place before the lease was signed would be incompetent as evidence for the purpose of varying the terms of the contract, the lease in question. As proof of any fraudulent representation it is also insufficient. It is a proposition firmly established in the law that a misrepresentation as to a fact not yet in existence or as to something that has not happened or occurred, but merely a misrepresentation as to a future event that may or may not occur, can.

form no basis of actionable fraud. 14 Am. & Eng. Ency. of Law (2d ed.), p. 33, c. 47, and cases there cited. To constitute actionable fraud, the false misrepresentation " must relate to some material past or existing fact."

The facts further appear that the defendant is still in possession of the premises. If he desired to claim fraud and for that reason repudiate or rescind the lease, he should have promptly on the discovery of the fraud surrendered possession of the property. This, however, the defendant failed to do but continued in the physical possession of the premises long after the alleged fraud was discovered.

The defendant's supporting affidavit shows that " a building was thereafter erected on said premises in or about the spring of 1920, as near as deponent can remember." The building that he refers to is the new addition of the Plaza Hotel on Fifty-eighth street. The answer in paragraph eight alleges that on or about the 13th of November, 1920, a building or structure was built on the vacant lot, but the lease was only made on the 13th of November, 1920, the term to commence on the 1st of December, 1920. What the defendant probably intended to allege was that the building was erected in the spring of 1921. In any event, the defendant remained in possession according to the undisputed facts and paid rent monthly to October 1, 1921.

As was said by Judge McLaughlin in the case of *Levy Leasing Co.* v. *Siegel,* 230 N. Y. 634: "A party cannot rescind while retaining the fruits of the contract. In the case of real estate he must surrender possession before he can maintain an action for rescission of the instrument under which he obtained possession."

It seems to me quite apparent from the undisputed facts that on no theory of law can the defendant sustain the facts as they are made to appear from the papers upon this motion for summary judgment. It follows, therefore, that the plaintiff's motion for judgment under section 113 of the Civil Practice Rules must prevail.

Judgment for plaintiff.