EDNA M. MYRUS, Appellant, v. THE COMMONWEALTH FUEL COMPANY, INC., Respondent.

HENRIETTA MYRUS, an Infant, by Her Guardian ad Litem, Appellant, v. THE COMMONWEALTH FUEL COMPANY, INC., Respondent.

Supreme Court, Appellate Term, Second Department, January, 1923.

Costs — Municipal Court, city of New York — security for costs not required of resident of state.

The Municipal Court of the city of New York has no power to require security for costs from a plaintiff who though a resident of the state lives outside of the city of New York.

APPEAL by plaintiffs from orders of the Municipal Court of the city of New York, borough of Brooklyn, first district, requiring security for costs.

*John H. Leddy,* for appellants.

*R. M. McCormick (F. A. W. Ireland,* of counsel), for respondent.

LAZANSKY, J. The question involved on these appeals is as to the power of the Municipal Court to require security for costs from a plaintiff who resides in the state of New York but without the city. There is no provision in the Municipal Court Code which empowers the court to require security for costs. Section 1522 of the Civil Practice Act (formerly Code Civ. Pro. §§ 3268, 3269) provides in part: " The defendant in an action brought in a court of record may require security for costs to be given: A. Where the plaintiff, when the action was commenced, either was 1. A person residing without the state; or, if the action is brought in a county court, except in the counties of Albany, Kings, Queens, Rensselaer and Richmond, or in the city court of the city of New York, the city court of Yonkers or the city court of Albany, residing without the city or county, as the case may be, wherein the court is located; * * *." The Municipal Court is now a court of record. Therefore, by virtue of this section of the Civil Practice Act, it would seem that the Municipal Court has the power to require security for costs from a plaintiff who is a non-resident of the

state. Yet it is not altogether clear that the sections of the Civil Practice Act which refer specifically to courts of record are applicable to the Municipal Court. In *Scheidlinger* v. *Silber*, 94 Misc. Rep. 322, it was held, before amendment to the Municipal Court Code, that as the Municipal Court is a court of record, section 870 of the Code of Civil Procedure, which provides for the taking of a deposition in an action pending in a court of record, was applicable to Municipal Courts. *Mitchell* v. *Schroeder*, 94 Misc. Rep. 270, held to the contrary. In the latter case Mr. Justice Lehman, writing, said in part, at page 279: " It seems to me that the only reasonable construction of the Municipal Court Code is that the legislature intended to give to the Municipal Court no powers not expressly or by fair implication given by such Code, and that only those sections of the Code of Civil Procedure are applicable to the Municipal Court which fall within the language of section 15 of the Municipal Court Code, *i. e.*, those sections of the Code of Civil Procedure which cover matters of practice, pleadings, forms and procedure in the exercise of the powers otherwise expressly or impliedly granted to the Municipal Court." *Mitchell* v. *Schroeder*, *supra*, was affirmed by the Appellate Division (174 App. Div. 857) for the reasons stated in the opinion of Mr. Justice Lehman. *Scheidlinger* v. *Silber*, 94 Misc. Rep. 322, was reversed by the Appellate Division (174 App. Div. 887), and the decision in *Mitchell* v. *Schroeder*, *supra*, approved. The court in *Mitchell* v. *Schroeder*, *supra*, considered the question of whether an examination before trial was a matter of practice or a matter of power, and concluded it was not practice or proecdure but a matter of power. Under the rule laid down in the *Mitchell* case, if the matter of security for costs be one of power then section 1522 would not be applicable to Municipal Courts. If it be a matter of practice, then by virtue of section 15 of the Municipal Court Code and section 1522 of the Civil Practice Act, a plaintiff in the Municipal Court can only be required to give security when he is a non-resident of the state. To the extent that the matter has been considered, therefore, there was no warrant for requiring this plaintiff to give security for costs. In *Gary* v. *Chambers Bros., Furriers, Inc.*, 103 Misc. Rep. 257, it was held that the Municipal Court had the right to require security for costs from a non-resident of the state because section 15 of the Municipal Court Code, which provides that " the rules, the practice, pleadings, forms and procedure in this court shall conform as nearly as may be to those of the Supreme Court," makes section 3268 of the Code of Civil Procedure, which provides for security for costs from non-residents of the state, applicable to Municipal Courts. In so holding the

court must have decided, in light of the decision in *Mitchell* v. *Schroeder, supra,* that the requirement of security for costs was a matter of practice.   Yet the court in the *Gary* case proceeds to say:   " Moreover, the *power* to require security for costs is not merely statutory.   *People ex rel. Fuller* v. *Oneida Common Pleas,* 18 Wend. 652; *Swift* v. *Collins,* 1 Den. 659; *Forman* v. *Campbell,* 9 Ben. 472; *McLaughlin* v. *Kipp,* 82 App. Div. 413.   The *power* exercised in the order appealed from is, therefore, to be distinguished, particularly in that respect, from that considered in *Mitchell* v. *Schroeder,* 94 Misc. Rep. 270."   The court seems to have decided both that the matter of security for costs was one of practice and, therefore, through section 15 of the Municipal Court Code, section 3268 of the Code of Civil Procedure was applicable to Municipal Courts and also that the Municipal Court had an inherent *power* to require security for costs.   The extent of the inherent power was not stated.   The power in that case, however, was only applied to a plaintiff who was a non-resident of the state.   There are cases in this state and elsewhere, including those cited in the *Gary* case, which hold that there is an inherent power in courts to require security for costs from a non-resident of the state.   The object of requiring security for costs is to have *within reach* some financially responsible person.   15 C. J. 198.   Under section 131 of the Municipal Court Code, a transcript of the court may be filed with the clerk of the county in which the judgment was rendered, and the clerk must docket the judgment.   Upon the docketing of the judgment, it is deemed a judgment of the Supreme Court and may be enforced accordingly.   Under section 133 the county clerk with whom such a transcript is filed must furnish transcripts of the docket of the judgment; a county clerk to whom such transcript is presented must file it and docket the judgment in the appropriate docket book; the judgment when so docketed has the like effect as it has in the county in which it was docketed upon the transcript of the Municipal Court.   It thus appears that there is the same opportunity and facility for the collection of a Municipal Court judgment in any county in the state as for the collection of a judgment obtained in the Supreme Court.   The plaintiff residing within the state is, therefore, always within reach of the process of the Municipal Court for the collection of any judgment obtained against him.   A rule falls when the reason therefor no longer exists.   A power will not be implied when there is no need for it.   In *Elliott* v. *Wood,* 5 Hun, 594, an order for security for costs was granted on the ground that plaintiff was a non-resident of the county in which the action was brought.   It was claimed that plaintiff did not reside " within the jurisdiction of the

court " which was the statutory provision applicable. 2 R. S. 620, § 1. It was held that plaintiff was practically within the court's jurisdiction, since the County Court's judgment may be docketed in and execution issued to any county. The court said: " The intention of the statute is to secure a liability for final costs; and for that purpose the defendant has all necessary security by his right to docket this judgment and issue execution to any county."

We, therefore, hold that the Municipal Court has no power to require security for costs of a resident of the state who lives without the city.

*Orders reversed and motions granted.*

CROPSEY and FABER, JJ., concur.

*Orders reversed.*