Edward M. Newburgh, Plaintiff, *v.* Walter J. McCauley, Defendant.

Municipal Court of the City of New York, Borough of Manhattan, October 22, 1951.

*Karl J. Schumer* and *George H. Cohen* for defendant.

*Nachamie & Benjamin* for plaintiff.

Lyman, President Justice. On a prior motion by the defendant for an examination before trial of the plaintiff, this court granted the motion in part by permitting the defendant to examine the plaintiff on the matters contained in defendant's counterclaim, but denied defendant the right to examine plaintiff as to the allegations contained in the complaint. In granting the present motion for a reargument, the court has reconsidered the legal question presented on the prior motion, and as far as this court has been able to discover, from the reported cases, the question has never before been raised in this court.

The right of a defendant to examine a plaintiff on the allegations on which plaintiff has the burden of proof has been recognized under existing practise in the Supreme Court of this State. (*Dorros, Inc.,* v. *Dorros Bros.,* 274 App. Div. 11.) In the cited case, the court, per Presiding Justice Peck, said at page 14: " We are persuaded to the view that the limitation on examinations before trial in accordance with the burden of proof is no longer consonant with good practice or justice. It is one-sided,

unreal and unfair. All that may be said in favor of examinations before trial as an instrument of getting at the facts is in favor of bilateral * * * examinations, and equality of opportunity in examining." (See, also, *Public Nat. Bank* v. *National City Bank*, 261 N. Y. 316, 318.)

This rule, which now governs the practice in the Supreme Court, has been another step in the erosive process of freeing the courts of the rigid rules and complicated procedure of the common law under which the courts too often functioned as arenas for contests between skilled technicians while the Judge helplessly sat by watching the ends of justice defeated.

Commenting on the trend, Roscoe Pound said: " What Dean Wigmore has called the sporting theory of justice, the idea that judicial administration of justice is a game to be played to the bitter end " has no place in our courts today. " Technical procedure is neither a necessary check on the magistrate in the interest of liberty nor a device to advance justice. It is a remnant of the mechanical modes of trial in the beginning of our law, developed in the eighteenth century in an age of formal over-refinement ". (The Spirit of the Common Law, [1947 ed.], pp. 127, 128.)

Certainly the ends of justice would be served by granting the examination sought in this case. Plaintiff's alleged cause of action arose five years before suit was instituted. Defendant, by his denial, disclaims any knowledge of the claim. It is conceivable that defendant forgot the circumstances under which the claim arose and, if reminded of them, would recognize its validity. It is equally conceivable that the claim has no validity. An examination of the plaintiff might well avoid the time and expense of a trial or at least prevent the defendant from being confronted at the trial with evidence he would not be prepared to meet.

Before the enactment of subdivision 4 of section 27 of the Municipal Court Code, this court would have been without power to grant the examination. The right to examine an adverse party was specifically limited under the then existing provision of the Municipal Court Code. (*Mitchell* v. *Schroeder*, 94 Misc. 270, affd. 174 App. Div. 857.) Subdivision 4 of section 27 provides: " The deposition of a party to an action in this Court or of a person who expects to be a party to an action about to be brought in this court may be taken at his own instance or at the instance of an adverse party, or by a co-plaintiff or co-defendant at any time before or during the trial, in

the same manner as such depositions are taken under the provisions of law applicable to like cases in the supreme court.''

Subdivision 4 of section 27 became effective September 1, 1916 (L. 1916, ch. 610), and was enacted shortly after the decision in *Mitchell* v. *Schroeder* (*supra*). Clearly it must have been the intention of the Legislature to remove the restrictive provisions of the Municipal Court Code which were in effect at the time when the *Mitchell* case was decided. In the absence of such express limitations, this court has the same discretionary power to grant examinations as that vested in the Supreme Court. (N. Y. City Mun. Ct. Code, § 15; *Crowe* v. *Marsh Garage Co.*, 117 Misc. 660.) Where the court has no suspicion that the examination is sought in bad faith, it should exercise this discretionary power liberally. (*Parker* v. *Culler Furniture Co.*, 278 App. Div. 135.)

Reconsideration has impelled this court to reverse so much of its order denying the defendant the right to examine the plaintiff as to those items in the complaint on which defendant seeks an examination.