bert v. Finch, 46 App. Div. 75, 61 N. Y. Supp. 300, and on that authority the order appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

---

(54 App. Div. 200.)

PFEIFER v. SUPREME LODGE OF BOHEMIAN–SLAVONIAN BENEV. SOC. OF UNITED STATES.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

ADMINISTRATORS—SECURITY FOR COSTS.

> An administratrix, who has secured her appointment in bad faith, may be required to give security for costs in an action against a beneficial society to recover an assessment which was to be paid to her decedent, where the society had paid the assessment to a subordinate lodge pursuant to its agreement, and an action against such lodge had been defeated.

Appeal from special term, New York county.

Action by Mary Pfeifer, as administratrix of the estate of Hynek Opitz, deceased, against the Supreme Lodge of the Bohemian-Slavonian Benevolent Society of the United States, to recover certain insurance. From an order denying a motion to compel plaintiff to give security for costs, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Michael Schaap, for appellant.
· Paul Jones, for respondent.

RUMSEY, J. It is not denied that an administrator of Hynek Opitz had been appointed before the appointment of the plaintiff was made, and it is apparent that at the time of the plaintiff's application the fact of the former appointment was concealed from the court. The affidavit of the plaintiff upon which her appointment was procured is not given in full, but a copy of the material parts of it is contained in the papers. While, perhaps, the affidavit is so ambiguous that an indictment for perjury might not lie against the affiant, yet it is quite clear that the affidavit is entirely untrue in respect of the appointment of the former administrator; and that the appointment of the plaintiff was procured in bad faith is undeniable. By the contract made between the defendant and the plaintiff's intestate, the defendant agreed, after receiving notice of the death of Opitz, to levy an assessment large enough to raise the sum of $1,000, and pay it over to the subordinate lodge of which Opitz was a member. It is alleged in the papers, both of the plaintiff and the defendant, that this was done, and that the subordinate lodge actually received the money, but refused to pay it over. No reason can be assigned why this action was brought against the defendant, which has performed the contract just as it agreed to do. There is no doubt that the estate of Opitz is insolvent. It appears, too, that at least one action has been brought against the subordinate lodge upon this claim, in which the plaintiff was defeated; and that, although the demand accrued in June, 1892, no claim was made

against the defendant until the 17th of March, 1900. Upon these facts we are clearly of the opinion that the plaintiff should have been required to give security for costs. Before the Code of Civil Procedure, an administrator would not usually be compelled to give security for costs, unless he had been guilty of bad faith in bringing his suit. Fish v. Wing, 1 Civ. Proc. R. 231, and cases cited. Since that time, however, such an order will be made, although no bad faith is alleged or proved, if, in the judgment of the court, it is proper to do so for the protection of the defendant. Even under the somewhat strict rule which had obtained before the Code of Civil Procedure, this would be a case where security for costs should be given; and under the law as it stands at present there can be no question that an order to that effect would be proper, and ought to have been made. The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.