the same may, in the discretion of the said commissioner, be *from time to time, and at any time diminished, modified, or revoked.*" The commissioner revoked the pension on the sole ground that Mr. Waddy was not a member of the police force at the time of his death. Consequently all question of discretion in the exercise of power is eliminated, and we are brought to the simple question whether Mr. Waddy was or was not at the time of his death a member of the police force. I think this question must be answered in the negative. The only position which Mr. Waddy had on the force at the time of his retirement was that of inspector, and on his retirement that position was filled by the appointment of his successor. He surrendered his shield, the *insignia of his* connection with the force, and had no police power to arrest any person. It does not appear that he was subject to, or could be called upon to perform, any police duty. His only connection with the department was the receipt of his pension, and this was granted to him for previous and long-continued meritorious service, and was not conditioned upon the rendition of any further service. It seems to me entirely clear that the relator did not become, and was not, the widow of a member of the force, but the widow of a former member of the force. Consequently there was no lawful authority for the granting of the pension to her, and the commissioner lawfully revoked the order for its payment. I think that the order granting the peremptory writ of mandamus should be reversed, and the writ dismissed, but without costs.

---

PEOPLE ex rel. WEIS, Appellant, v. GROUT, Comptroller, Respondent. (Supreme Court, Appellate Division, First Department. July 8, 1902.) Proceedings by the people of the state of New York, on the relation of Joseph Weis, against Edward M. Grout, comptroller. A. D. Pape, for appellant. T. Connoly, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

---

PFEIFER, Appellant, v. SUPREME LODGE BOHEMIAN BENEV. SLAVONIAN SOC. OF UNITED STATES, Respondent. (Supreme Court, Appellate Division, First ·Department July 8, 1902.) Action by Mary Pfeifer, as administratrix, against the supreme lodge of the Bohemian Benevolent Slavonian Society of the United States. P. Jones, for appellant. M. Schaap, for respondent. No opinion. Judgment (74 N. Y. Supp. 720) affirmed, with costs, on opinion of Bischoff, J.

---

PIZZI et al. v. REED et al. (Supreme Court, Appellate Division, First Department. June 20, 1902.) Action by Carmela Pizzi and another against Michael B. Reed and others. No opinion. Motion denied.

---

POLHEMUS v. CORNELL STEAMBOAT CO. (Supreme Court, Appellate Division, Third Department. July 8, 1902.) Action by George D. Polhemus, as administrator, etc., against the Cornell Steamboat Company. No opinion. Motion granted.

---

In re PORTER'S WILL. (Supreme Court, Appellate Division, Fourth Department. May 27, 1902.) In the matter of the probate of the last will and testament of Lydia H. Porter, deceased. No opinion. Decree of surrogate's court affirmed, with costs against the appellant personally.

---

POST, Appellant, v. POST, Respondent. (Supreme Court, Appellate Division, Second Department. June 19, 1902.) Action by Ethelwyn M. Post against Lansing M. Post. No opinion. Order affirmed, with 10 costs and disbursements.

---

In re POUGHKEEPSIE TRUST CO. (Supreme Court, Appellate Division, Second Department. July 1, 1902.) In the matter of the application of the Poughkeepsie Trust Company to be designated as a depository under sections 744, 745, and 747 of the Code. No opinion. Application granted, and order signed.

---

In re PROBST. (Supreme Court, Appellate Division, First Department. June 6, 1902.) In the matter of John D. Probst, deceased. O. T. Hess, for appellant. H. L. Jacobson, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

---

In re PUTNAM'S WILL. (Supreme Court, Appellate Division, Third Department. July 8, 1902.) In the matter of proving the last will and testament of Mary Steiner Putnam, deceased. No opinion. Surrogate's decree unanimously affirmed, with costs.

---

RAMELL, Respondent, v. DUFFY, Appellant. (Supreme Court, Appellate Division, Second Department. June 13, 1902.) Action by Benjamin Ramell against John Duffy, as treasurer, etc. No opinion. Appeal dismissed, with $10 costs.

---

RAMELL, Respondent, v. DUFFY, Appellant. (Supreme Court, Appellate Division, Second Department. July 1, 1902.) Action by Benjamin Ramell against John Duffy, as treasurer of Court Sympathy, No. 83, Foresters of America. No opinion. Motion to dismiss appeal denied, without costs.