TEBBINS v. GRAND COURT OF STATE OF NEW YORK, FORESTERS OF AMERICA.

(Supreme Court, Appellate Term.  April 22, 1912.)

INSURANCE (§ 798*)—MUTUAL BENEFIT INSURANCE—PAYMENT.

Insured was a member in good standing in defendant's subordinate lodge, and his name appeared as a member with dues fully paid in the "Funeral Fund" of defendant order, his dues to his lodge being designated as "dues to such fund"; and the order, on proof of death duly furnished by its lodge, mailed a check to the financial secretary of the lodge in payment of the amount due the beneficiary, but the check was misappropriated by the secretary.  *Held*, that the lodge was merely the agent of the order, and that insured acquired a contractual relation with the order, under which it was primarily obligated to pay the funeral benefit, and hence that it was not discharged by the sending of a check to the lodge secretary.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1981; Dec. Dig. § 798.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Lena Tebbins against the Grand Court of the State of New York, Foresters of America.  From a judgment of the Municipal Court of the City of New York, dismissing the complaint for failure of proof, plaintiff appeals.  Reversed, and new trial ordered.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

August P. Wagener, of New York City, for appellant.
John J. O'Grady, of New York City, for respondent.

PER CURIAM.  The defendant is an incorporated benevolent order, having a number of subordinate lodges or branches, one of which was known as Court Gresham, No. 311.  The plaintiff is the widow of one John Tebbins.  The following facts are not disputed, viz.: That John Tebbins was, during his lifetime, a member in good standing of Court Gresham; that his dues and assessments were paid up to the time of his death; that his name appears as a member, with dues fully paid, in what is called the "Funeral Fund" of the defendant; that said subordinate court furnished to the defendant all the requisite proofs

of the death of said John Tebbins, as required by the constitution and laws of the defendant; that the defendant mailed to the financial secretary of Court Gresham a check for $100, payable to the treasurer of said court, in payment of the amount due the wife of a member of the Funeral Fund; and that said check was never paid to plaintiff, nor was she ever paid any sum whatever, from said fund, the check having been misappropriated by the financial secretary of Court Gresham.

The plaintiff's theory in this case is that the subordinate court is the agent of the Grand Court for the purpose of making payments out of the Funeral Fund, to the beneficiaries entitled thereto; the Grand Court being primarily liable to the beneficiary of a deceased member of said fund. The defendant contends that only the subordinate court is liable to the beneficiaries of said fund, and that, in this case, having sent a check for the amount to Court Gresham, it has fulfilled all that can be required of it, and is not liable to the plaintiff for any sum.

It seems to us that a fair construction of the constitution admitted in evidence, together with the "skeleton by-laws" attached thereto, indicates that the Grand Court was the custodian of the Funeral Fund; that a member of the subordinate lodge, who paid certain dues to his subordinate lodge, which, however, are designated as "dues to such fund," acquired a contractual relation with the Grand Court, whereunder the latter became obligated to pay the funeral benefit, such as the one involved in the case at bar, the subordinate court being merely the agent of the Grand Court in the premises. See Bacon on Benefit Societies (3d Ed.) § 118; Pfeifer v. Supreme Lodge Bohemian S. B. Society, 37 Misc. Rep. 71, 74 N. Y. Supp. 720.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.