### RATNER et al. v. PARAMOUNT PICTURES, INC., et al.

District Court, S. D. New York.

March 20, 1942.

Milton M. Eisenberg, of Brooklyn, N. Y., for plaintiffs.

Simpson, Thacher & Bartlett and Albert C. Bickford, all of New York City, for Paramount Pictures, Inc.

BONDY, District Judge.

Defendants move for an order staying the further prosecution of this action until after the trial and determination of an action pending in the New York State Supreme Court, entitled Hornstein v. Paramount Pictures, Inc.

Both are stockholders' derivative suits, at issue and awaiting trial. Plaintiff concedes for the purposes of this motion that both actions involve the same subject matter, and the same issues. All defendants in this action are defendants in the state court action.

The defendants urge that they should not be put to the trouble and expense of defending two actions involving the same issues.

340

It has been firmly established that the pendency of an action in personam in a state court does not prevent a party from bringing, in federal courts having jurisdiction, actions against the same defendants, based on the same issues as are involved in the state court action, and that it is discretionary with the court in such case, whether or not to stay the action brought in this court pending the trial and determination of the issues in the state court. See McClellan v. Carland, 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762; Doane v. California Land Co., 9 Cir., 243 F. 67; City of Livingston v. Monidah Trust, 9 Cir., 261 F. 966; City of Ironton v. Harrison Const. Co., 6 Cir., 212 F. 353; Byrd-Frost, Inc., v. Elder, 5 Cir., 93 F.2d 30, 32, 115 A.L.R. 342; Kline v. Burke Const. Co., 260 U.S. 226, 232, 234, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077.

The following statement by Mr. Justice Cardozo in Landis v. North American Co., 299 U.S. 248, 254, 255, 57 S.Ct. 163, 166, 81 L.Ed. 153, serves well as a guide for the exercise of that discretion: " * * * the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. [citing cases] True, the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay * * * will work damage to some one else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both. * * *"

While it is true that the determination of the state court action would resolve the issues involved herein, no compelling reason has been advanced by the defendants for the granting of their motion.

The plaintiff is entitled to the advantages given a litigant in the federal court through discovery proceedings. It does not appear that the state court action is likely to be reached for trial before this action. Nor does it appear that it would be more burdensome or expensive for the defendants to try the issues in the federal court than in the state court; or that separate preparation for both trials will be necessary, the issues being the same in both.

The motion for a stay accordingly is denied without prejudice to renewal thereof upon proper showing of prejudice or hardship by the defendants.