HARRY WOLF, Suing on Behalf of Himself and Other Stockholders of the United Zinc Smelting Corporation Similarly Situated, Plaintiff, *v.* ELLIS ATKINSON et al., Defendants.

Supreme Court, Special Term, New York County, June 10, 1944.

*C. Murray Kavanagh* for United Zinc Smelting Corporation, defendant.

*Copal Mintz* for plaintiff.

*Myers & Keating* for all individual defendants who have appeared.

HAMMER, J. Motion is for security for costs under section 61-b of the General Corporation Law.

The claim is made that section 61-b (added to General Corporation Law by L. 1944, ch. 668, eff. April 9, 1944) is unconstitutional as violative of section 11 of article I and, also, section 6 of the New York State Constitution, as well as the Fourteenth Amendment of the United States Constitution. Section 61-a, which provides in any action, suit or proceeding against one or more officers or directors or former officers or directors of a corporation brought by the corporation or a representative for the assessment of the reasonable expenses, including attorneys' fees, of a successful party defendant against the corporation, has been held to be valid and not violative of such con-

stitutional provisions. (*Hayman* v. *Morris*, 37 N. Y. S. 2d 884 [Nov., 1942]; *Hayman* v. *Morris*, 179 Misc. 265 [Dec., 1942]; *Matter of Bailey* v. *Bush Terminal Co.*, 178 Misc. 1045, revd. on other grounds *sub nom. Matter of Bailey* [*Bush Terminal Co.*], 265 App. Div. 758.) The legislation is remedial of abuses in the bringing of representative actions, does not deny " due process of law " or " equal protection of the laws ", relates to the administration of corporate property as between corporations and their directors, and as such, is in effect an exercise of the reserved power to alter or amend corporate charters; and in any event the fixation of the amount of security to cover reasonable fees of the attorney for the corporation, if a defendant, and also of the individual defendants who have appeared, is a matter for the sound discretion of the court. An award of attorneys' fees when authorized is nothing more than the imposition of costs; and its retroactive provisions rendering the section applicable to pending actions do not conflict with the Federal Constitution (14th Amendt., § 1) or State Constitution (art. I, § 6; *Shielcrawt* v. *Moffett*, N.Y.L.J., May 17, 1944, p. 1912, col. 7). While nonresidence of a plaintiff within the jurisdiction of the court is the usual ground for requiring security for costs (*State of Ohio ex rel. Fulton* v. *Saal*, 239 App. Div. 420; *Morek* v. *Smolak*, 245 App. Div. 355), the representative capacity of a party has long been regarded as valid ground for the Legislature by statute to require such security or to authorize courts in the exercise of discretion to require same. (Civ. Prac. Act, § 1523; derivation Code Civ. Pro., § 3271, and in part L. 1874, ch. 446, tit. 2, § 5.) So far as counsels' efforts reveal or research has been able to find, there is no reported case showing lack of power in the Legislature to enact such a requirement. Many cases have held the right to security for costs rests on legislative enactment and that statutes regulating same are valid and open to liberal construction. (20 C. J. S., Costs, §§ 125–130.) While the right to such security or payment of costs in advance is usually regarded as statutory, it had been held, with views expressed to the contrary (*Republic of Honduras* v. *Soto*, 112 N. Y. 310; *In re Harriet A. Welch's Will*, 69 Vt. 127; 15 C. J., Costs, p. 193, n. 26), that the right existed at common law in respect of nonresidents. (*Karns* v. *W. L. Imlay Rapid Cyanide Process Co.*, 181 F. 751; *Gary* v. *Chambers Bros., Furriers, Inc.*, 103 Misc. 257.) The object of requiring security is to have a responsible party bound therefor within the jurisdiction of the court (*Myrus* v. *Commonwealth Fuel Co., Inc.*, 120 Misc. 201) and to protect a party from the harassment of groundless suits. (*Moore* v. *Banner*, 39 N. C. 293 [4 Iredell's Eq.]; *Conley* v. *Woonsocket Inst. for*

*Savings,* 11 R. I. 147; *Pratt and wife* v. *Feiner and others,* 8 R. I. 40.) The legislative power to require particular persons or classes to give security for costs has been frequently upheld, e. g., guardians (*Robertson* v. *Barnum,* 29 Hun 657; *John Green by his next Friend, &c.* v. *Adam Harrison,* 3 Sneed 131 [Tenn.]); on appeals from orders of commitment (*Forester* v. *Camp,* 145 Ga. 48) and executors and administrators (34 C. J. S., Executors and Administrators, § 823; *Pfeifer* v. *Supreme Lodge,* 54 App. Div. 200; *Gedney* v. *Purdy,* 47 N. Y. 676; *Knoch* v. *Funke,* 22 N. Y. Civ. Pro. Rep. 161).

From the foregoing it is clear that the Legislature had the power to enact section 61-b of the General Corporation Law; that its provisions violate no constitutional prohibition and are not arbitrary or unreasonable, but, on the contrary, are remedial to correct recognized evils of representative stockholders' actions in which so often the sole result has been expense to, rather than recoupment of, loss by the corporations for the alleged hardship imposed upon the suing stockholders are circumstances, the wisdom of the act and its provisions, and the alleged hardship imposed upon the suing stockholders are matters solely within the legislative province and it becomes the obligation of the court to enforce the requirements provided.

Motion is granted and amount of security to be deposited fixed at $5,000. Settle order.