**LEVENSON (SPIELBERGER et al., Intervenors) v. LITTLE et al.**

**SPIELBERGER v. LITTLE et al.**

United States District Court
S. D. New York.
March 21, 1950.

See also 75 F.Supp. 575; 77 F.Supp. 146; 81 F.Supp. 513.

Bijur & Herts, New York City, for plaintiffs.

Spence, Hotchkiss, Parker & Duryee, New York City, James H. Halpin, John E.

Massengale, New York City, of counsel, for defendant Textron Incorporated.

Otterbourg, Steindler, Houston & Rosen, New York City, for defendant American Associates, Inc.

CONGER, District Judge.

Motion in each action by the defendant Textron Incorporated for security pursuant to Section 61-b of the New York General Corporation Law, McK.Consol.Laws, c. 23.

■ The Supreme Court's decision in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, makes the application of Section 61-b mandatory upon this Court.

■ The plaintiffs' suggestion that Section 61-b is inapplicable because it provides for security only for the expenses incurred by officers and directors in defense of an action for which the corporation will be liable is without foundation. The statute expressly provides for " * * * security for the reasonable expenses * * * which may be incurred by it * * * and by the other parties defendant * * *." (Emphasis added.) It makes no difference, therefore, that no officer nor director of Textron is a defendant in the actions.

■ The plaintiffs' other argument that there is discretion in the Court is true only in connection with the amount of security to be fixed, but not in applying the statute itself. Wolf v. Atkinson, Sup.Ct.N.Y.Co. 1944, 182 Misc. 675, 49 N.Y.S.2d 703.

■ In the Levenson action defendant Little paid $2,000 to counsel in obtaining a dismissal of the action as to him. Textron has already paid its attorneys over $8,000 for services rendered. Therefore, a bond in the amount of $15,000 for past and future expenses would seem in order.

■ The Spielberger action appears to be at a standstill at this time although the legal services to date amount to more than $5,000. I believe a bond of $6,000 would be reasonable at this time.

The plaintiffs shall post the security within ten days after service of the order on this decision with notice of entry. Until such compliance with this decision the actions are stayed.

Motions granted as indicated.

Settle orders.