**Adelaide NEUWIRTH, Plaintiff,**

v.

**NAMM–LOESER'S, Inc., and Arebec Corporation, Defendants.**

Civ. No. 18457.

United States District Court
E. D. New York.

May 16, 1958.

4. 28 U.S.C.A. § 1338(b).

7. F.R.Civ.P. 52(a), 28 U.S.C.A.

Louis H. O. Fischman, New York City, for plaintiff.

Kramer, Marx, Greenlee & Backus, New York City, for defendant Namm-Loeser's Inc. John J. Hayes, New York City, of counsel.

ZAVATT, District Judge.

This is a stockholders' derivative action brought by a stockholder owning 50 shares (out of a total of 342,000 outstanding) of the defendant Namm-Loeser's Inc., having a market value of less than $50,000. The plaintiff, a citizen of New Jersey, brings this action against the two New York corporations alleging that the defendant Namm-Loeser's Inc. is a subsidiary of and subject to the domination and control of the defendant Arebec Corporation; that the two defendants conspired to effect a cancellation of a lease of real property owned by the defendant Arebec and occupied by the defendant Namm-Loeser's; that they did effect said cancellation; that the defendant Namm-Loeser's surrendered the same to defendant Arebec for no consideration, although the said lease was of a value in excess of $250,000; that defendant Namm-Loeser's was damaged to the extent of $250,000 by the acts of defendant Arebec. Affirmative relief is sought only against defendant Arebec, i. e., an accounting, damages, costs and expenses of the action.

Defendant Namm-Loeser's has moved, by order to show cause, for an order directing plaintiff to give security pursuant to § 61-b of the New York General Corporation Law for the reasonable expenses which may be incurred by defendant Namm-Loeser's in connection with this action and asks the Court to fix the amount of such security at $10,-

## 830

000. Defendant Namm-Loeser's has moved also for an order staying all further proceedings on the part of the plaintiff in this action until another stockholders' derivative suit (instituted prior to this action by stockholders of defendant Namm-Loeser's other than the plaintiff in this action) pending in the Supreme Court of the State of New York, New York County, against the same defendants and their officers and directors, based upon the same facts, is disposed of, or until a similar action (instituted subsequent to this action by these same other stockholders against the same defendants) pending in this court is disposed of. The order to show cause contains a stay of all proceedings on the part of the plaintiff pending the determination of these motions and service of notice of the entry of an order thereon.

### As to the Motion to Fix the Amount of Security

Dana C. Backus, a member of the firm of attorneys representing the defendant Namm-Loeser's in this action, in his moving affidavit concedes that the defendant Namm-Loeser's "occupies the position of 'beneficial defendant' in this case, but nevertheless, it will be necessary to represent and protect the interests of the Corporation" and he estimates the reasonable expenses, including counsel fees, of representing and protecting the interests of his client at "not less than $10,000.00". The attorney for the plaintiff, in his answering affidavit, cites no authority for his contention that § 61–b of the New York General Corporation Law is inapplicable because no directors or officers of Namm-Loeser's have been joined as defendants.

■■ The security requirements of § 61–b of the New York General Corporation Law are applicable to non-federally based causes of action in this court, Fielding v. Allen, 2 Cir., 1950, 181 F.2d 163, 165, certiorari denied Ogden Corp. v. Fielding, 340 U.S. 817, 71 S.Ct. 46, 95 L.Ed. 600; Cohen v. Beneficial Industrial Loan Corporation, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528; Leven v. Birrell, D.C.S.D.N.Y.1949, 92 F.Supp. 436, even though individual directors and officers are not joined as parties defendant, Levenson v. Little, D.C.S.D.N.Y. 1950, 90 F.Supp. 1022; Leven v. Birrell, D.C., 92 F.Supp. 436, 444. This action is brought for the benefit of the defendant Namm-Loeser's. It is a nominal defendant. A bond of $1,000 should be ample and that is the amount fixed. Leven v. Birrell, supra. If, as and when defendant Namm-Loeser's can demonstrate to the Court why its position in this action should not be neutral and that the amount of security so fixed has become inadequate it may apply to have the same increased pursuant to § 61–b of the New York General Corporation Law. The stay of all further proceedings on the part of the plaintiff in this action will be continued pending deposit of the required security of $1,000 and pending entry of an order hereon and service of a copy thereof with notice of entry on the attorneys for the defendant Namm-Loeser's.

### As to the Motion to Stay this Action

In support of its motion to stay this action until the disposition of a similar case pending in the Supreme Court of New York or the disposition of a similar case pending in this court, movant alleges that the state action was commenced eight months prior to this action and that the other action was commenced a few days subsequent to this action; that the issues in all three actions are precisely the same; that a full and complete disposition of all complaints of all stockholders of defendant Namm-Loeser's may be had in the state action because, in that action, the officers and directors of the defendant Namm-Loeser's have been joined as individual defendants. The plaintiff's answering affidavit reveals that the action pending in the state court by other stockholders is not at issue and that it has been stayed pending the giving of security and joinder of additional parties plaintiff; that the action by other stockholders pending in this court is not at issue; that notices for the taking of the depositions of both

defendants in this action were served March 12, 1958; that the taking of said depositions was stayed by the order to show cause in this action; that the defendants have not answered the complaint in this action.

 Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both. Landis v. North American Co., 299 U.S. 248, 255, 57 S. Ct. 163, 166, 81 L.Ed. 153. The burden of making out the justice and wisdom of a departure from this general rule lays heavily on the party seeking such a stay. Ibid. "[T]he pendency of an action in personam in a state court does not prevent a party from bringing, in federal courts having jurisdiction, actions against the same defendants, based on the same issues as are involved in the state court action." Ratner v. Paramount Pictures, Inc., D.C.S.D.N.Y.1942, 46 F.Supp. 339. The plaintiff is entitled to the advantages given a litigant in the federal court through discovery proceedings. It does not appear that the state court action is likely to be reached for trial before this action. Nor does it appear that it would be more burdensome or expensive for the defendants to try the issues in the federal court than in the state court; or that separate preparations for both trials will be necessary, the issues being the same. Nor have compelling reasons been advanced by the defendant Namm-Loeser's for the granting of their motion. Ibid. This court, in the exercise of its discretion, Mottolese v. Kaufman, 2 Cir., 1949, 176 F.2d 301, 303; Montro Corp. v. Prindle, D.C.S.D.N.Y.1952, 105 F.Supp. 460, 465, denies the motion of the defendant Namm-Loeser's to stay this action pending the disposition of either one or both of the actions instituted by other stockholders now pending in this court and the Supreme Court of the State of New York.

The time of the defendant Namm-Loeser's to answer the complaint is hereby extended until 20 days after the plaintiff deposits with the clerk of the court the security hereinabove fixed and directed and serves upon the attorneys for the said defendant written notice of the fact that said security has been so deposited.

Settle order on notice.