Leo N. **LEVY**, Walter T. Stephans and Richard Pepper, suing in their behalf and in behalf of all other stockholders in and for the benefit of Sun Chemical Corporation, Plaintiffs,

v.

Norman E. **ALEXANDER**, Ralph S. Stillman, Stuart Z. Krinsly, William Steinschneider, Joseph Harris, James J. Flanagan, Howard F. Vultee, Leroy W. Campbell, Willard E. Henges, Frederick E. Adams, Fred H. Farnsworth, American Molding Powder & Chemical Corp., Ansbacher-Siegle Corporation and Sun Chemical Corporation, Defendants.

Civ. No. 19069.

United States District Court
E. D. New York.

Feb. 19, 1959.

Nathan, Mannheimer, Asche, Winer & Friedman, New York City, for plaintiffs, Norman Winer, New York City, of counsel.

Manning, Hollinger & Shea, New York City, for defendants, Ansbacher-Siegle Corp., American Molding Powder & Chemical Corp., Norman E. Alexander, Joseph Harris, James J. Flanagan and Willard E. Henges, Bruce Hecker, New York City, of counsel.

Blue & Rich, New York City, for defendant, Sun Chemical Corp., Maxwell J. Lillienstein, New York City, of counsel.

Milton Paulson, New York City, in support of the motion.

ZAVATT, District Judge.

The defendants have moved for an order staying the plaintiffs from the further prosecution of this action until the final determination of a consolidated action entitled Borden v. Adams, Index No. 423/1958, which is pending in the Supreme Court of the State of New York, New York County. The motion is denied for the following reasons:

1. The first cause of action in this court alleges a fraud upon the stock-

holders and some directors of Sun Chemical Corporation, and upon the corporation itself, in the failure to reveal the alleged fact that, subsequent to the making of the contract by which Sun agreed to purchase all the assets of the defendant Ansbacher-Siegle Corporation, allegedly beneficially owned by defendant Alexander, and prior to the approval of the said contract by the stockholders of Sun, and in violation of the terms of the said contract, Alexander caused the Ansbacher-Siegle Corporation to transfer as substandard and obsolete and at a price of $8,600.40, first-class merchandise inventory of a value of approximately $200,000 to defendant American Molding Powder & Chemical Company, also allegedly beneficially owned by Alexander. The prayer for relief seeks, inter alia, the rescission of this transaction and the return of such of the merchandise as remains intact. American Molding Powder & Chemical Corporation is not a party to the Borden action. Preliminarily, it is thus apparent that it has no standing to move for a stay in this cause. Kamen Soap Products Co. v. Struthers Wells Corp., D.C.S.D.N.Y.1958, 159 F.Supp. 706. More important, however, is the fact that the allegedly abstracted merchandise cannot be ordered returned in the State court action. A judgment for the plaintiffs in that action could not then be a complete disposition of the issues in this cause. The granting of a stay under such circumstances might well be an abuse of discretion. Compare Lyons v. Westinghouse Electric Corp'n, 2 Cir., 1955, 222 F.2d 184, certiorari denied Walsh v. Lyons, 1955, 350 U.S. 825, 76 S.Ct. 52, 100 L.Ed. 737.

2. Assuming, for the purposes of this decision only, that the necessary identity of issues exists between this and the State Court action so that a judgment therein will be a final and binding disposition of the issues in this cause, a stay is denied as a matter of the court's discretion, Mottolese v. Kaufman, 2 Cir., 1949, 176 F.2d 301, on the following grounds:

a. The defendants have not satisfied the court that there is positive reason why this action should not be allowed to proceed. Compare my decision in Neuwirth v. Namm-Loeser's, D.C.E.D. N.Y.1958, 161 F.Supp. 828.

b. The matters which have been brought to the court's attention by way of affidavit suggest that the ends of justice may be better served by the discovery advantages which will be available to the plaintiffs in this court. I am not impressed by the fact that the individual defendants may be subjected to successive examinations before trial in the State court and here. The plaintiffs are entitled to examine thoroughly as to the allegations of their complaint, which, if true (and I believe that truth may be better served through broad discovery), will cause the inconvenience to the defendants to be of no moment.

c. In the circumstances of the instant case I am impressed by the fact that notice to the stockholders who have not appeared in the State court action would not be required before that action could be compromised or dismissed, but that under Rule 23(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., notice of dismissal or compromise of the instant cause must be given to all stockholders in such manner as the court directs.

d. The possibility of interlocutory appeals in the State court action renders wholly speculative the question of whether the issues can be more speedily determined in the State court or here. This point has already been demonstrated in the instant cause by the appeal taken by the defendants from the decision of the Supreme Court, on or about July 7, 1958, granting the State court plaintiffs' motion for examination of the defendants before trial. This appeal was not discontinued until November 6, 1958. The possibility of future interlocutory appeals in the State courts, which may be taken as of right, serves to counter-balance the possibility that the calendar of this court might not permit a trial of the issues

(absent a preference) before a trial could be had in the State court.

The grounds upon which the court bases its discretion to deny a stay may be said to exist to some extent in every stockholders' derivative action in which a stay is sought because of a prior State court action pending. Here, however, they appear to be of such weight that, absent a positive showing by the defendants to justify a contrary decision, they must be held to be controlling.

The court will hear oral argument on the defendants' motion to vacate the notice of the taking of depositions served by the plaintiffs on March 2, 1959 at 10:00 a. m.

Settle order on notice.