784

Albert KAUFMAN, Plaintiff,
v.
Walter M. JEFFORDS, Jr., et al.,
Defendants.

Nat GLUCK, Plaintiff,
v.
King CAYCE et al., Defendants.

Simon KAMINSKY, Plaintiff,
v.
J. F. CONNAUGHTON et al., Defendants.
Nos. 66 Civ. 557, 65 Civ. 2745,
65 Civ. 3247.

United States District Court
S. D. New York.
May 18, 1967.

Nemser & Nemser, New York City, for plaintiff Albert Kaufman in 66 Civ. 557, and general counsel for plaintiffs in the New York Supreme Court consolidated action entitled "Kaufman v. Jeffords".

Pomerantz, Levy, Haudek & Block, New York City, for plaintiff Nat Gluck in 65 Civ. 2745.

Abraham I. Markowitz, New York City, for plaintiff Simon Kaminsky in 65 Civ. 3247.

Lord, Day & Lord, New York City, for defendants American Export Isbrandtsen Co., Inc., and others in 66 Civ. 557.

Raichle, Moore, Banning & Weiss, Buffalo, N. Y., for defendants Richard G. Garrett and others in 66 Civ. 557, for David M. Milton in 65 Civ. 2745, and for James F. Connaughton and Harry J. Whitley in 65 Civ. 3247.

Baar, Bennett & Fullen, New York City, for defendant Equity Corp. in three captioned actions, and for defendant Bell Intercontinental Corp. in 65 Civ. 2745 and 65 Civ. 3247.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendants David M. Milton and Triangle Securities Corp. in 66 Civ. 557.

Bardusch, Johnson, Scheminger & Duncan, New York City, for defendants William E. Bardusch, Sr., and others in 66 Civ. 557.

Palmer, Serles, Delaney & Shaw, New York City, for defendant Camden Products, Inc. in 66 Civ. 557.

## MEMORANDUM

FRANKEL, District Judge.

These are motions to stay shareholders' derivative actions brought in this court pending the termination of four actions of the same kind now pending in the courts of New York State. The actions appear to cover largely overlapping areas, but they are not identical. So, for example, there are parties in the actions here who are not in the state court, and vice versa. Similarly, there are claims and charges in the state court that go beyond the ones here.

The basic premise of the motions for stays, as is customary in such cases, is that defendants will suffer harassment and unjustifiable expense from the duplication of effort. In their extensive papers, however, and in their oral submissions, the movants were unable to specify any harassment or serious duplication thus far experienced. They were also at something of a loss to predict likely forms of oppression to be anticipated in the future, except for the unquestionably genuine possibility of redundant discovery procedures. But this turns out to be a readily soluble problem.

The plaintiffs, apparently not wealthier than the defendants, argued persuasively that they have no interest in multiplying the difficulties and expenses of the litigation. At the argument they offered concrete and valuable suggestions for minimizing the possibilities of which defendants conceive. Upon the basis of these suggestions, with the encouragement of the court, the parties have entered into a stipulation providing for (1) consolidation of the actions here, (2) designation of the same "general" or "lead" counsel for plaintiffs as those playing that role in the state court, and (3) the interchangeable and non-duplicative use in state and federal court of depositions and other discovery.

In light of the foregoing agreement, the asserted grounds for stays appear to be negligible or non-existent. Plaintiffs, having invoked this forum, however busy, have a right to proceed with their lawsuits here unless some substantial reason appears for blocking them. See Landis v. North American Co., 299 U.S. 248, 254–255, 57 S.Ct. 163, 81 L.Ed. 153 (1936); Ferguson v. Tabah, 288 F.2d 665, 672 (2d Cir. 1961); Mottolese v. Kaufman, 176 F.2d 301, 303 (2d Cir. 1949); Nederlandse Erts-Tankersmaatschappij v. Isbrandtsen Co., 339 F.2d 440, 441–442 (2d Cir. 1964); Levy v. Alexander, 170 F.Supp. 439, 441 (E.D.N.Y.1959).

The stipulation of the parties, which appears to ward off the evils defendants foresaw, has been made an order of the court. Upon this basis, the motions for stays are denied.

It is so ordered.